UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| David Efram Katz, | Case No. 24-cv-04245 (LMP/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Bureau of Prisons, | |
| Respondent. | |

---

This matter is before the Court on Petitioner David Efram Katz's ("Petitioner" or "Katz") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C § 2241 by a Person in Federal Custody ("Petition") (Dkt. 1). The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, the Court recommends that the Petition be denied as moot.

**I.   BACKGROUND**

In the Petition filed on November 21, 2024, Plaintiff requested that his qualification date for First Step Act Earned Time Credits ("FTCs") be reset to the earlier date of March 1, 2024. (Dkt. 1.) Katz was sentenced on January 24, 2024. (Dkt. 15 ¶ 3.). He voluntarily surrendered to authorities to begin service of his federal sentence on March 1, 2024. (Dkt. 15-1 at 3.) The Amended Petition makes a similar argument, asserting that the beginning of the qualification date was March 1, 2024, when he

voluntarily surrendered to the BOP, as opposed to when he arrived at his designated BOP facility, which was in June 2024. (Dkt. 13.)

Briefing with respect to the Petition was completed on April 22, 2025. (Dkts. 19, 20.) Respondent took the position that based on the FTCs earned at that time, Plaintiff had a projected release date of July 27, 2025. (Dkt. 14 at 2.)

On July 8, 2025, the Court inquired whether Plaintiff was still in custody with the BOP. (Dkt. 21.) On July 9, 2025, Respondent notified the Court that Katz was released from BOP custody on June 3, 2025. (Dkts. 23, 24.)

## II.    DISCUSSION

Respondent argues that the Petition should be dismissed as moot due to Katz's release from BOP custody on June 3, 2025. (Dkt. 23.) Katz has not responded through his legal counsel as of the date of this Report and Recommendation to Respondent's request for dismissal.

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000), citing U.S. Const. art. III, § 2, cl. 1). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Haden*, 212 F.3d at 469). When a case becomes moot, a federal court cannot "address the merits because any opinion [the court] would issue would be merely advisory." *In re Search Warrants Issued in Connection with Investigation of S. Cent.*

2

*Career Ctr., W. Plains, Mo.* ("*In re Search Warrants*"), 487 F.3d 1190, 1192 (8th Cir. 2007) (citing *Haden*, 212 F.3d at 469).

This case became moot when Katz was released from custody because the Court "can no longer grant effective relief" since he is no longer in BOP custody. *See Ali*, 419 F.3d at 723. Accordingly, the Court should not address the merits of Katz's case because any such opinion would be merely advisory. *See In re Search Warrants*, 487 F.3d at 1192.

That said, a court should not dismiss a habeas petition as moot if any of the following exceptions apply:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Ahmed v. Sessions*, Case No. 16-cv-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)), *R.&R. adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017).

None of those mootness exceptions apply here. First, there is no evidence of any cognizable collateral consequences that resulted from Katz not being released as early as he believed he should have been or that are related to his requested release. *See Scheper v. Rios,* Case No. 19-cv-402 (MJD/ECW), 2020 WL 4060729, at *3 (D. Minn. June 5, 2020), *R. & R. adopted*, 2020 WL 4059875 (D. Minn. July 20, 2020).

As to "a wrong capable of repetition yet evading review," that "exception applies if the matter is too short in duration to be fully litigated before it ends or expires and there

3

is a reasonable expectation that [Petitioner] will be subjected to the same action again." *In re Search Warrants*, 487 F.3d at 1193.  Here, there is nothing remaining to litigate in this case, and there is nothing on the current record to show that Katz would be subjected to the allegations in the Petition again.  *See Ahmed*, 2017 WL 3267738, at *3.

In regard to the exception for when the "voluntary cessation of illegal conduct can be resumed," further detention is unlikely because Katz has been granted an early release under the FSA, is no longer in BOP custody, and there is no indication that Katz is or will be subjected to the BOP's custody again.  Nevertheless, even assuming Katz was brought back into BOP custody, it would be under a new set of circumstances and facts and, consequently, "impossible for the government to repeat the *same* unlawful conduct that [Petitioner] challenged."  *See Kargbo v. Brott*, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016).  In any event, Katz would have the ability to bring a new habeas petition under a new set of facts and circumstances should he be returned to BOP custody.

Finally, the Petition was brought on behalf of the individual Petitioner, not on behalf of a class of individuals.  *See Ahmed*, 2017 WL 3267738, at *3.  Accordingly, for all of these reasons, the Court recommends denial of the Petition as moot.

### III.   RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS RECOMMENDED THAT:**  Petitioner David Efram Katz's Petition for Writ of Habeas

Corpus Pursuant to 28 U.S.C § 2241 by a Person in Federal Custody (Dkt. 1) be

**DENIED AS MOOT**.

   Dated: July 24, 2025                                       *s/Elizabeth Cowan Wright*
                                                                ELIZABETH COWAN WRIGHT
                                                                United States Magistrate Judge

## **NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).